FILED

2016 Jul-18  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE COLLIER and** | ) | |
| **COLLIER WELDING, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **STATE OF ALABAMA** | ) | |
| **DEPARTMENT OF** | ) | |
| **TRANSPORTATION** | ) | |
| **AND BELL CONSTRUCTION &** | ) | **JURY TRIAL DEMANDED** |
| **ASSOCIATES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.     NATURE OF ACTION

Plaintiffs Willie Collier and Collier Welding, LLC ("Plaintiffs") brings this

action against Defendants State of Alabama Department of Transportation and Bell

Construction Associates for intentional race discrimination pursuant to Title VI of the

Civil Rights Act of 1964, the Fourteenth Amendment, 42 U.S.C. § 1981 and 42

U.S.C. § 1983.

### II.    JURISDICTION AND VENUE

1.     This Court has jurisdiction of the federal claims pursuant to 28 U.S.C.

§ 1331 and 1343, as amended.

2.     This Court has venue of this action pursuant to 28 U.S.C. §§ 1391(b).

## III.   **PARTIES**

3.     Bell Construction Associates, is a corporation existing under the laws of the State of Alabama with its principal place of business located at 255 Wilson Pike Cir, Brentwood, TN 37027.

4.     Collier Welding, LLC is a Minority Owned-Business Enterprise who is a certified Disadvantaged Business Enterprise (DBE) under the Alabama Unified Certification Program utilized by the Alabama Department of Transportation. Collier Welding, LLC is located in the predominantly black populated city of Birmingham, Alabama.  Collier Welding, LLC has been in business since 1999.

5.     Willie Collier, an African-American male, is the owner-operator of Collier Welding, LLC and is a citizen of the United States of America and a resident of the State of Alabama.

6.     Defendant Alabama Department of Transportation ("ALDOT") is a governmental entity created pursuant to the laws and Constitution of the State of Alabama, which receives approximately three-fifths of its funding from the United States Department of Transportation ("USDOT"), and which administers and has under its auspices and control the USDOT program administered by the Federal Highway Administration ("FHWA") known as the Disadvantaged Business

Enterprise program ("DBE Program").

## IV.   STATEMENT OF FACTS

7.      The Alabama Department of Transportation (ALDOT) has established a Disadvantaged Business Enterprise (DBE) program in accordance with regulations of the U.S. Department of Transportation (U.S.DOT), 49 CFR Part 26.

8.      ALDOT is the recipient of federal transit funds authorized by Title I, III, V and VI of ISTEA.

9.       Under Title 49 section 26 of the Code of Federal Regulations, minority and women owned businesses are both characterized as "Disadvantaged Business Enterprises" ("DBEs").   On May 14, 2015, ALDOT's DBE Program certified that Mr. Collier and Collier Welding Services, LLC met the requirements to participate in as a DBE in the State of Alabama.

10.      On or about March 27, 2015, Defendant Bell & Associates Construction, LLC (Bell) was the low bidder to the Alabama Department of Transportation to construct a bridge replacement and approaches on 31st Street North over I-59/20 and on 12th Avenue North over I-59/20 in Birmingham, Alabama.   Bell received the contract which was valued at $19,281,545.88.   The job was supposed to have at least 5% minority and/or DBE participation.

11.    In the last week of August or first week of September 2015, Mr. Collier scheduled an appointment with Bell to ask about bidding on welding work for the project.  At this meeting a Bell representative [a white male] asked Mr. Collier for a quote to perform welding work on the foundation of the bridge project.  Mr. Collier informed the Bell representative that he would work up a proposal over the weekend for presentation on the following Monday.  During this conversation, the Bell representative stated that he had to verify with ALDOT that Mr. Collier was eligible to hire employees to work for Collier Welding Services, LLC.

12.    The Bell representative was supposed to call Mr. Collier back on Monday and let him know where to report with his bid and to let him know whether the state had verified that he could hire other welders to work for him.

13.    Mr. Collier never heard from back from the Bell representative about bidding for the project or whether he had verified that Mr. Collier's business was eligible to hire employees.   Finally, after not hearing from the Bell representative, Mr. Collier went to the job site and asked for papers he had submitted to Bell as part of securing a contract.

14.    The Bell representative stated to Mr. Collier that the state of Alabama stated that he was not certified by ALDOT to work on any of its projects.  This was untrue and Mr. Collier stated as much to the Bell representative.   The Bell

representative did not give Mr. Collier his papers back.

15.    Mr. Collier later learned that Bell wanted to hire him as a welder in his individual capacity on an hourly basis.  Upon information and belief, Bell did not want to hire Mr. Collier's company because of his race African-American.

16.    Pursuant to 49 C.F.R. Part 26, ALDOT was required to monitor Bell's good faith efforts to include DBE's on the bridge project, however, it did not.  It is well known in the construction industry, especially highway and road construction, that in the absence of DBE goals, minorities and women would receive little or no work on ALDOT projects.  This was the case here, where Mr. Collier was rejected by Bell with no repercussions.

## V.    COUNTS

### COUNT I

### RACE DISCRIMINATION IN VIOLATION
### 42 U.S.C. § 1983 & THE FOURTEENTH AMENDMENT
### DEFENDANT ALDOT

17.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 16 of this Complaint.

18.    ALDOT has failed to comply with the provision of 49 CFR Part 26 by, among other things:

(a)    Failing to establish DBE goals on ALDOT projects that are adequate to

remedy discrimination in accordance with 49 C.F.R. § 26.45 requirement that the effects of past discrimination be taken into account in establishing DBE goals;

(b)    Failing to enforce the "Good Faith Efforts" requirement set forth in Appendix A to Part 26, thereby allowing majority-owned general contractors to obtain ALDOT contracts without including black and minority firms, and without complying with the DBE goals established for ALDOT projects;

(c)    Failing to monitor the DBE Program as required by Section 26.37, thereby impermissibly counting towards its achievement of the DBE goal work not actually performed by minority DBE firms;

(d)    Failing to implement the provisions of Section 26.39, which requires the fostering of small business participation through various means, thereby excluding black and minority firms - which are predominantly small firms - from ALDOT contract opportunities; and,

(e)    Failing to institute "set-aside contracts" for black and minority firms in accordance with Section 26.43.

19.    Defendant ALDOT has acted deliberately and with gross indifference to the constitutional and federal statutory rights of the Plaintiffs by failing to comply

with 49 CFR Part 26, and failing to remedy the illegal discrimination that Plaintiffs experienced in seeking contracts and jobs on ALDOT projects.

20.    Defendant ALDOT's actions have caused Plaintiffs to suffer damages, including loss of business profits, earnings and income.

**COUNT II**

**RACE DISCRIMINATION IN CONTRACT FORMATION
IN VIOLATION OF 42 U.S.C. § 1981
BELL AND ASSOCIATES**

21.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 20 of this Complaint.

22.    Plaintiffs have been discriminated against and treated differently than similarly situated white contractors solely because of his race, African-American, in violation of 42 U.S.C. §1981.  This treatment by the Defendants has affected the Plaintiffs' right to enter into private contracts by denying them that right becuse of race.

23.    Furthermore, said acts of discrimination have affected the Plaintiffs' ability to be free of racial discrimination in contract formation.  Plaintiffs allege that white contractors were not treated in this manner.

24.    Defendants have engaged in a pattern and practice of racial discrimination in all the foregoing aspects.

25. This reckless and willful discrimination on the part of Defendant Bell constitutes a violation of the Plaintiffs' statutory rights pursuant to 42 U.S.C. § 1981.

26. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiffs were deprived of income and other compensation and benefits.

27. Plaintiffs have also suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant Bell's racially discriminatory and demeaning and unlawful conduct.

28. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief.

29. The Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendant Bell's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III

## TITLE VI VIOLATION AS TO DEFENDANT ALDOT

30. This court has jurisdiction pursuant to 42 U.S.C. Section 2000d known as Title VI.

31.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 30 of this Complaint.

32.     Defendant ALDOT is the recipient of federal funds.

33.     ALDOT has engaged in race discrimination in violation of Title VI by, among other things:

      (a)    Failing to enforce and comply with the provisions of 49 CFR Part 26, including failing to establish minority set-aside contracts to remedy egregious race discrimination; and

      (b)    Failing to take action to remedy the discrimination by general contractors by, among other things, excluding black and minority workers from ALDOT projects.

34.     Defendant ALDOT has acted deliberately and with gross indifference to the constitutional and federal statutory rights of the Plaintiffs by failing to remedy the discrimination that the Plaintiffs experienced in seeking contracts and work on ALDOT projects.

35.     Defendant's actions have caused Plaintiffs damages, including loss of business profits, earnings and income.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter the following as a judgment

against defendants as to Counts I through III:

(1)    The sum of $964,077.28 –The equivalent of 5% of the contract awarded to Bell and Associates;

(2)    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants were and are violative of the rights of the Plaintiffs as secured by Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fourteenth Amendment, and 42 U.S.C. § 1983.

(3)    Grant Plaintiffs a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fourteenth Amendment, and 42 U.S.C. § 1983.

(4)    Enter an order requiring the Defendants to make the Plaintiffs whole by awarding them the monies they would have earned in the absence of race discrimination, back pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

The Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and

expenses.

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)278-5876
email: rcooks@winstoncooks.com

**PLAINTIFFS' ADDRESS:**
Willie Collier and Collier Welding Services, LLC
c/o WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)278-5876
email: rcooks@winstoncooks.com