IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE COLLIER and COLLIER WELDING, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:16-cv-01177-JEO ) |
| STATE OF ALABAMA DEPARTMENT OF TRANSPORTATION and BELL CONSTRUCTION & ASSOCIATES, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This race discrimination case arises out of the unsuccessful efforts of plaintiffs Willie Collier and Collier Welding, LLC (collectively, the "Plaintiffs") to participate in an Alabama Department of Transportation ("ALDOT") construction project awarded to Bell Construction & Associates, LP ("Bell Construction"). The Plaintiffs allege that Bell Construction failed to hire Collier Welding, a certified Disadvantaged Business Enterprise ("DBE"), to perform welding work on the project because of Willie Collier's race, African-American. They further allege that ALDOT failed to monitor Bell Construction's efforts to include DBEs on the project and failed to remedy the alleged discrimination they experienced in seeking to work on the project. Their complaint contains claims against ALDOT for

intentional race discrimination in violation of 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), and a claim against Bell Construction for intentional race discrimination in violation of 42 U.S.C. § 1981.

The case is now before the Court on ALDOT's motion to dismiss the complaint or, in the alternative, motion for summary judgment. (Doc. 26). In support, ALDOT has submitted affidavits (with attached exhibits) from four of its representatives. (Docs. 26-1 through 26-6). The Plaintiffs have opposed the motion to dismiss and have requested an opportunity to conduct discovery relevant to the issues raised in the motion for summary judgment. (Doc. 32). For the reasons that follow, the Court will grant ALDOT's motion to dismiss the Plaintiffs' claim for violation of § 1983 and the Fourteenth Amendment. The Court will treat ALDOT's motion to dismiss the Plaintiffs' Title VI claim as a motion for summary judgment, and will deny the motion without prejudice to ALDOT's right to renew the motion after the Plaintiffs have had an opportunity to conduct discovery relevant to that claim.

# FACTS[1]

Collier Welding is a minority-owned business and is a certified DBE in ALDOT's DBE program. Willie Collier, an African-American, is the owner and operator of Collier Welding.

In March 2015, Bell Construction was the low bidder on an ALDOT project for the reconstruction of a bridge over Interstate 59/20 in Birmingham, Alabama (the "Project"). The Project required a 5% DBE participation goal.

In late August or early September 2015, Willie Collier met with a representative of Bell Construction and expressed an interest in bidding on welding work on the Project. The Bell Construction representative, a Caucasian, asked Mr. Collier to submit a bid to perform the welding work on the bridge foundation. He also informed Mr. Collier that he needed to verify with ALDOT that Collier Welding was eligible to hire employees to work on the Project. Mr. Collier told the Bell Construction representative that he would prepare a proposal over the weekend for presentation the following Monday. The Bell Construction representative said he would call Mr. Collier on Monday to let him know where to report with his bid and to let him know whether ALDOT had verified that Collier Welding could hire other welders to work on the Project.

---

[1] Except where noted, these are the "facts" as alleged in the Plaintiffs' complaint.

Mr. Collier never heard back from the Bell Construction representative. Consequently, Mr. Collier returned to the job site, where he was informed that Bell Construction had been advised by ALDOT that he was not certified to work on any of ALDOT's projects. According to Mr. Collier, ALDOT's statement was not true. According to ALDOT representative William Pickett, however, Mr. Collier had never taken or passed the American Welding Society's welding test, a prerequisite to gaining certification to work on ALDOT projects. (Doc. 26-5). Bell Construction did not hire Collier Welding (or Mr. Collier) to work on the Project.

## STANDARD OF REVIEW

A. **Motion to Dismiss**

   1. **Rule 12(b)(1)**

ALDOT has moved for dismissal of the Plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction and may take the form of either a facial attack or a factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack requires the court "'merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for purposes of the motion.'" *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack, on the other hand, challenges "'the existence of

4

subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511). Here, ALDOT's jurisdictional challenge is a facial attack; therefore, the allegations in the Plaintiffs' complaint are taken as true for purposes of ALDOT's Rule 12(b)(1) motion. Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca*, 613 F.2d at 511).

### 2. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the claims set out in the plaintiff's pleadings. *Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). Thus, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). When ruling on a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010).

Rule 12(b)(6) is read in light of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

In analyzing a motion to dismiss under Rule 12(b)(6), the court is generally limited to examining the allegations of the complaint itself, but it may also look to documents referenced in or attached to the complaint that are central to the

plaintiff's claims and whose authenticity is unchallenged. *See SFM Holdings, Ltd. v. Banc of Amer. Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). To the extent that such documents are considered and they contradict the allegations of the complaint, the documents control. *See Friedman v. Market Street Mortg. Corp.*, 520 F.3d 1289, 1295 n. 6 (11th Cir. 2008); *Griffin Indust., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). If the court considers materials beyond that scope, it is required to treat the motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *SFM Holdings*, 600 F.3d at 1337; *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010). Here, the affidavits and other documents submitted by ALDOT go beyond the scope of the allegations of the complaint. Accordingly, to the extent the Court has considered such materials, it has considered them only in the context of ALDOT's motion for summary judgment.

**B.  Motion for Summary Judgment**

In the alternative, ALDOT has moved for a summary judgment on the Plaintiffs' claims pursuant to Rule 56. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment "always bears the initial

7

responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court views the evidence in the light most favorable to the non-movant. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ANALYSIS

**A.  The Plaintiffs' Claim for Violation of § 1983 and the Fourteenth Amendment**

In Count I of their complaint, the Plaintiffs allege that ALDOT is liable for intentional race discrimination in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. Section 1983 authorizes private parties to enforce their federal constitutional rights against persons who have acted under color of state law.[2]

---

[2] Section 1983 provides in pertinent part:

Section 1983 does not provide a substantive right to relief; rather, it is a procedural device that allows a plaintiff to bring suit against a state actor in federal court for a violation of constitutional rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Here, the Plaintiffs' § 1983 claim alleges that ALDOT violated their rights under the Fourteenth Amendment. Section 1983 provides the exclusive federal remedy for violations of the Fourteenth Amendment by state actors. *See Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982) (because Congress provided an "adequate alternative remedial scheme" against state actors under § 1983, a direct action under the Fourteenth Amendment is barred).

ALDOT has moved for dismissal of the Plaintiffs' § 1983 claim based on Eleventh Amendment immunity. (Doc. 26 at 5-6). The Plaintiffs have offered no response to ALDOT's immunity argument.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment immunity extends to agencies and departments that act on behalf of the State. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) ("a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). ALDOT is a department of the Alabama state government, as the Plaintiffs have acknowledged in their complaint (doc. 1 at ¶ 6). *See* ALA. CODE § 23-1-20 (creating the Alabama Department of Transportation). "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993) (quoting *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 480 (1987) (plurality opinion)). Alabama has not waived its sovereign immunity. *See* ALA. CONST. art. I, § 14.

Section 1983 does not override the States' Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 342-45 (1979). "[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Id.* at 345.

Moreover, state entities are not "persons" subject to liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 69-71 (1989).

Accordingly, the Plaintiffs' claim against ALDOT for race discrimination in violation of § 1983 and the Fourteenth Amendment is due to be dismissed. Eleventh Amendment immunity proscribes such a claim against ALDOT.[3]

**B.     The Plaintiffs' Claim for Violation of Title VI**

In Count III of their complaint, the Plaintiffs allege that ALDOT engaged in race discrimination in violation of Title VI by failing to comply with the provisions of 49 C.F.R. Part 26 (Participation by Disadvantaged Business Enterprises in Department of Transportation Financial Assistance Programs) and by failing to remedy the alleged discrimination they experienced in seeking to work on the Project. As best as the Court can discern, the crux of the Plaintiffs' Title VI claim is that ALDOT intentionally ignored its obligation to monitor Bell Construction's "good faith efforts" to include DBEs in the Project and allowed Bell Construction to exclude the Plaintiffs from the Project with no "repercussions." (Doc. 1 at ¶ 16).

Title VI provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

---

[3] In addition to its Eleventh Amendment immunity argument, ALDOT argues that the Plaintiffs have failed to state a valid due process claim or equal protection claim under the Fourteenth Amendment. (Doc. 26 at 6-10). Because the Court has determined that Eleventh Amendment immunity bars the Plaintiffs' § 1983 claim, which encompasses their Fourteenth Amendment allegations, the Court will pretermit consideration of ALDOT's separate Fourteenth Amendment argument.

subjected to discrimination under any program or activity receiving federal financial assistance."[4] 42 U.S.C. § 2000d. Title VI "requires that a person prove that he was denied participation, based on his race, in a federally funded program for which he was otherwise qualified." *Humphrey v. United Parcel Serv.*, 200 F. App'x 950, 952 (11th Cir. 2006). Title VI prohibits only intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

ALDOT argues that the Plaintiffs' Title VI claim is due to be dismissed because the Plaintiffs did not meet the qualifications to work on the Project, notwithstanding that they had been accepted into ALDOT's DBE program. (Doc. 10 at 10-15). In support of its argument, ALDOT has submitted affidavits from four of its representatives: Winston J. Poe, III, the State Construction Engineer for ALDOT's Office of Construction (doc. 26-1); Clay P. McBrien, the State Office Engineer for ALDOT's Bureau of Office Engineer (doc. 26-3); William B. Pickett, the Physical Testing Lab Manager for ALDOT's Materials and Test Bureau (doc. 26-5); and John L. Huffman, the Disadvantaged Business Enterprises Certification and Support Services Coordinator for ALDOT's Compliance and Business Opportunities Bureau (doc. 26-6). Based on the testimony of these representatives and the documents attached to their affidavits, ALDOT asserts that "Collier

---

[4] Eleventh Amendment immunity does not apply to claims for violation of Title VI. *See* 42 U.S.C. § 2000d-7 ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of … title VI of the Civil Rights Act of 1964 ….").

Welding was not selected as a welder on [the] Project … because ... it did not submit a bid to any of the five (5) contractors who bid on [the] Project … and … Willie Collier was not selected because he is not ALDOT certified to work as a welder on ALDOT projects." (Doc. 26 at ¶ 40). ALDOT argues that because the Plaintiffs did not meet these qualifications to work on the Project, they cannot establish a valid Title VI claim against ALDOT. ALDOT also argues that the Plaintiffs have failed to identify any similarly situated comparators who were treated more favorably than they were and have failed to plead any facts showing that ALDOT acted with a discriminatory intent. (Doc. 26 at ¶¶ 23-24, 44-46).

As noted, the pending motion has been presented to the Court in the alternative: as a motion to dismiss or, in the alternative, as a motion for summary judgment. To the extent the motion addresses the Plaintiffs' Title VI claim, the Court will treat the motion as one for summary judgment, as the affidavits and other supporting documents submitted by ALDOT present matters outside the scope of the allegations in the complaint, including what DBEs must do to become certified to work on an ALDOT project, the particular requirements and procedures for becoming certified to work on an ALDOT project as a welder, and the Plaintiffs' alleged failure to satisfy the applicable requirements.[5]

---

[5] Of course, it goes without saying that the affidavits and other supporting documents were not referenced in or attached to the Plaintiffs' complaint.

Rule 56(d) of the Federal Rules of Civil Procedure provides that if a nonmovant shows by affidavit or declaration that it "cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Consistent with Rule 56(d), the Eleventh Circuit has noted:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. *E.g., Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1145 (5th Cir. 1973) (en banc), *cert. denied,* 414 U.S. 1116, 94 S. Ct. 849, 38 L. Ed. 2d 743 (noting the high fatality rate of summary dispositions at a time before the facts have been fully developed); *Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Insurance Company,* 606 F.2d 602, 609 (5th Cir. 1979), *cert. denied,* 449 U.S. 820, 101 S. Ct. 77, 66 L. Ed. 2d 22 ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed."); *Murrell v. Bennett,* 615 F.2d 306, 310 (5th Cir. 1980) (citing *Alabama Farm Bureau* ). The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. *Parrish v. Board of Commissioners of the Alabama State Bar,* 533 F.2d 942, 948 (5th Cir. 1976). If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *Id.*

*Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

Here, the Plaintiffs have invoked the protection of Rule 59(d) and have asserted that they cannot adequately respond to ALDOT's motion for summary judgment until they have had an opportunity to serve discovery and depose witnesses.[6] (Doc. 32 at 3-5). They argue that "[a] fact issue exists here, in that the Plaintiffs claim they were qualified as a [DBE] by the State of Alabama and were unlawfully and discriminatorily denied an opportunity to compete for inclusion on a contract" while ALDOT "says differently …." (*Id.* at 4). The Plaintiffs complain that they are "unfairly being asked to confront" ALDOT's witnesses and documents "without having conducted any discovery." (*Id.* at 5).

ALDOT replies that the Plaintiffs are "misinterpreting the facts in an attempt to salvage their lawsuit." (Doc. 36 at 3). ALDOT reiterates that it "does not dispute that Plaintiffs are certified DBEs in ALDOT's DBE program." (*Id.*) Rather, ALDOT contends that the Plaintiffs "are ineligible to work on ALDOT projects because they have not been certified as a welder" and "have not met the minimum requirements" to work on the Project. (*Id.* at 4). ALDOT argues that the Plaintiffs "would be in possession of any certification documents if they were so certified" and "should not be permitted to ask for more time to obtain discovery of an item which they have in their possession, if it exists." (*Id.*)

---

[6]Although the Plaintiffs did not invoke the protection of Rule 59(d) by way of an affidavit, the Eleventh Circuit has held that the filing of an affidavit is not required. *See Snook*, 859 F.2d at 871 ("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56[(d)] … in order to invoke the protection of that Rule.").

15

Although the Court appreciates ALDOT's position that the Plaintiffs should already possess any documents establishing that they were certified to work on the Project, on balance the Court finds that the Plaintiffs should be afforded an opportunity to conduct some discovery in aid of their opposition to ALDOT's motion for summary judgment on their Title VI claim. ALDOT has submitted extensive affidavit testimony from four witnesses, yet the Plaintiffs have had no opportunity to depose those witnesses or conduct any other discovery related to the facts presented in their affidavits. It may ultimately prove true that the Plaintiffs were not certified to work on the Project, but they should first be allowed the opportunity to inquire into such matters as how ALDOT implements its certification requirements, what minority businesses are told when they are accepted into ALDOT's DBE program, and what welding subcontractors were accepted for work on the Project. At this stage of the proceedings, the Court is unwilling to grant summary judgment in favor of ALDOT based exclusively on testimony from ALDOT's own representatives.

Accordingly, ALDOT's motion for summary judgment on the Plaintiffs' Title VI claim is due to be denied without prejudice to ALDOT's right to renew the motion after the Plaintiffs have had an adequate opportunity for discovery.

## CONCLUSION

Based on the above, ALDOT's motion to dismiss the Plaintiffs' claim for race discrimination in violation of § 1983 and the Fourteenth Amendment (Count I of their complaint) will be **GRANTED**. ALDOT's motion for summary judgment on the Plaintiff's Title VI claim (Count III of their complaint) will be **DENIED WITHOUT PREJUDICE** to ALDOT's right to renew the motion following a period of discovery. A separate order consistent with this opinion will be entered.

**DATED**, this 8th day of August, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge